## PAKAS v. RAWLE.

(Supreme Court, Appellate Term, First Department. May 5, 1915.)

LANDLORD AND TENANT ⚖103—DUTIES OF LANDLORD—HEATING OF PREMISES.

    A landlord is bound to keep the several apartments of a building properly heated and habitable, and upon his failure the tenant may vacate.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 321–327, 337–342; Dec. Dig. ⚖103.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Solomon L. Pakas against Francis Perit Rawle. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

Campbell, Moore & Amerman, of New York City (Henry Amerman, of New York City, of counsel), for appellant.

Arthur O. Ernst, of New York City (Samuel R. Wachtell, of New York City, of counsel), for respondent.

HENDRICK, J. Plaintiff sued the defendant for rent of an apartment for the month of March, 1914, in premises situate on Riverside Drive and 169th street. Defendant moved out in February, claiming that he had been evicted because his apartment was not properly heated.

The apartment was leased for one year, and the evidence shows that a number of complaints about the temperature were made to the plaintiff and his superintendent, commencing in November and December, and in particular regarding windows; it being claimed that the construction of the windows permitted the cold air to sweep into the apartment. Promises to repair the windows and install two radiators were admittedly made by the landlord and his superintendent. The evidence is clear that the apartment was not habitable during many days in January and February, as shown by a record kept by the defendant. After a visit to the apartment by the landlord, he claims to have instructed the superintendent to provide an electric stove and a gas appliance to furnish heat, in addition to that furnished by the radiators, which appliances and electric stove were never supplied. The landlord's promise to install a new radiator was not kept until February 21st, a day or more after the defendant made his arrangements to move and had dismantled his apartment preparatory to moving. The defendant vacated the premises on February 24th.

⚖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

A landlord is bound to keep the several apartments of a building properly heated, warm, and habitable, and upon his failure to do .so the tenant may, without liability, vacate. The evidence clearly establishes the defendant's counterclaim and defense.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.